UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| VLADIMIR MARMOLEJOS, et al.,<br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br>    Defendants. | CIVIL NO. 11-1633 (FAB) |

### DEFENDANT'S BRIEF IN COMPLIANCE WITH ORDER

COME NOW Defendants, the United States of America, *et al.,* and without submitting to the jurisdiction of this Honorable Court, respectfully STATE AND PRAY:

On November 7, 2001, this Honorable Court ordered the parties to this action to file simultaneous briefs discussing: 1) Whether the summons in an action against the United States must be addressed to the United States; and, 2) Whether service on the Bureau of Prisons must be made on its General Counsel at the agency headquarters. (ECF No. 10).  The following is Defendant's brief in compliance with that Order.  Defendant notes that despite extensive research, no First Circuit case law discussing these issues were found.  Moreover, Defendant found little to no case law directly on point in any of the federal circuits.  However, Defendant still maintains, and supports with its arguments below, that service upon the United States was not properly completed because two of the summons required to be issued were invalid.

I. **WHETHER THE SUMMONS IN AN ACTION AGAINST THE UNITED STATES MUST BE ADDRESSED TO THE UNITED STATES**

The primary issue in the instant case is whether Plaintiffs have completed proper service upon the United States in compliance with Federal Rule of Civil Procedure 4 (i). As previously discussed by Defendants in their Motion to Set Aside Default (ECF No. 8), only one summons has been issued in this action and that is addressed only to the Attorney General. Plaintiffs only sent a photocopy of that summons to the U.S. Attorney for the District of Puerto Rico and regional counsel for the agency. As such, the "summons" sent to the U.S. Attorney and the agency was not properly addressed to the addressee and did not contain the Clerk of the Court's original seal.

F.R.C.P. 4 (a) (1) lists the requirements for a valid summons in a district court case. Of relevance to this action are the following requirements: subsection (B) states it must be directed to the defendant; and, subsection (G) states it must bear the court's seal.

Both the Advisory Committee to the 1993 Amendments to F.R.C.P. 4 and the courts have interpreted the requirement of subsection (1)(B) to mean that it is essential that the addressee of the summons be effectively identified. *See* Lindsey v. United States Railroad Retirement Board, 101 F.3d 444 (5th Cir. 1996) (Plaintiff did not complete proper service because the summons did not contain the name of the person to be served and the address was incorrect); Heicklen v. U.S. Department of Homeland Security, 2011 WL 3841543, FN. 3 (S.D.N.Y. Aug. 30, 2011) (Defendants who's names were not on the summons were not properly served pursuant to F.R.C.P. 4 (a)); Van Manen v. United States, 838 F.Supp. 335, 337 (W.D. Mich. 1993) (Summons addressed to "Attorney General, Tax Division" rather than the Attorney General of the United States was defective).

In the instant case although F.R.C.P. 4 (i) requires service upon two different individuals

and the agency, only one summons addressed to only one of the individuals was issued and served.  Therefore, the summons delivered to the U.S. Attorney for the District of Puerto Rico and the agency were invalid because they did not effectively identify the recipients as the person or entity being served.  However, although pursuant to the Westfall Act, 28 U.S.C. § 2679 (d), the United States is the only proper defendant in this action, the fact that summons was not addressed to the United States in care of the individuals for which a summons was required to be issued does not appear to invalidate the summons.

The summons sent to the U.S. Attorney for the District of Puerto Rico and the agency are also invalid pursuant to F.R.C.P. 4 (a) (1) (G) because they are merely photocopies of another person's summons, they did not "bear the court's seal."  *See* Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569-70 (3d Cir. 1996)("[a] summons which is not signed and sealed by the Clerk of the Court does not confer personal jurisdiction over the defendant," even if service was properly made, because 'requiring the Clerk to sign and issue the summons assures the defendant that the process is valid.").

## II.   WHETHER SERVICE UPON THE BUREAU OF PRISONS MUST BE MADE ON ITS GENERAL COUNSEL AT AGENCY HEADQUARTERS

Plaintiffs' additional failure to properly complete service on the United States involves their failure to comply with Fed.R.Civ.Proc. 4 (i) (1) (C).  The summons sent to the agency was not addressed to the head of the Bureau of Prisons.  Additionally, the mailing was not addressed to the Office of the General Counsel at the Bureau of Prisons headquarters in Washington, D.C.  Rather, a photocopy of the summons issued to the Attorney General was sent to the agency's regional counsel in Atlanta, Georgia.

Defendant did not find any case law, regulations, or policy statements[1] requiring service upon the General Counsel. However, the generally accepted practice among all of the federal agencies is to require service of Complaints at its headquarters whether it be on the head of the agency or the Office of the General Counsel. This is the logical practice as the is the most direct and efficient process for ensuring the agency has received proper notice of the Complaint. The Bureau of Prisons has several regional counsels throughout the country, if federal service could be completed by sending a Complaint and an incorrectly addressed summons to anyone of them, the chances of misplaced and misdirected Complaints would greatly increase.

Based on the above, Defendant maintains service has not been properly completed upon the United States of America and it is currently under no obligation to respond to Plaintiffs' Complaint. *See* Fed.R.Civ.Proc. 4(i) and 12(a)(2).

Federal Rule of Civil Procedure 55 (c) states a court may set aside an entry of default for good cause or for any of the reasons specified in Fed.R.Civ.Proc.60(b). Under either Rule, Defendants should be relieved from entry of default because Plaintiffs' Motion for Entry of Default is premature and service has not been properly completed upon the United States in this action.

WHEREFORE, it is very respectfully requested from this Honorable Court to take note of the above and to relieve the United States from entry of default.

---

[1] Defendant notes that despite inquiries to the BOP as to this requirement, Defendant has not received an official response. However, Defendant will submit an Informative Motion to this Honorable Court should it receive a response that is contrary to Defendant's assertions herein.

-5-

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

**ROSA EMILIA RODRIGUEZ VELEZ**
**United States Attorney**

   November 14, 2011       s/Ginette L. Milanés
           Date                    Ginette L. Milanés
Assistant United States Attorney
USDC-PR No. 220202
UNITED STATES ATTORNEY'S OFFICE
Torre Chardón, Suite 1201
350 Carlos Chardón Street
San Juan, Puerto Rico 00918
Phone Number**:** (787) 766-5656
Facsimile: (787) 766-6219
Ginette.Milanes2@usdoj.gov