IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VLADIMIR MARMOLEJOS, et al.,

    Plaintiffs,

    vs.

UNITED STATES ETC.,

    Defendant

CASE NO. 3:11-cv-01633

## MEMORANDUM OF LAW IN COMPLIANCE OF ORDER

COME NOW the Plaintiffs and very respectfully submit the following *Memorandum in Compliance of Order* issued by this Honorable Court on November 7, 2011 (Docket no. 10):

1. The Plaintiffs filed the instant *Complaint* on July 3, 2011. (Docket no. 1).

2. As stated by the government in its *Motion to Set Aside Default,* (Docket no. 8), on July 5, 2011, a summons was issued as to the United States of America. (Docket no. 3). The same was addressed to Eric Holder, the Attorney General of the United States and there is no controversy that it is the only summons issued in this case.

3. On October 23, 2011 the Plaintiffs filed a *Motion for Default* against Defendants, because the Defendant failed to plead or otherwise defend against the allegations set forth in the *Complaint*. Plaintiffs further attested of their compliance

1

complied with the provisions of F.R.Civ.P. 4(i)(1)(A)(B) and (C). (Docket no. 4).

4. Without any opposition by the government, on October 25, 2011, this Honorable Court ordered the Clerk to enter default against Defendants. (Docket nos. 5 and 6).

5. Ten days after the entry of default, on November 4, 2011 the government filed the aforementioned *Motion to Set Aside Default.* (Docket no. 8). The government claimed therein that the default entered should be set aside because of purported deficient service of process. *Id.*

6. The government also erroneously claims that because only one summons had been issued in this action and that is addressed only to the Attorney General and Plaintiffs sent a photocopy of that summons to the U.S. Attorney for the District of Puerto Rico, the service of process to the latter is invalid under F.R.Civ.P. 4(i)(1)(A). *Id.*

7. A careful review of F.R.Civ.P. 4(i) belies the government's claim that that summons to the U.S. Attorney for the District of Puerto Rico is somehow invalid because it was not specifically addressed to U.S. Attorney Rosa E. Rodríguez.

8. To wit, the relevant part of F.R.Civ.P. 4(i) provides:

(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.

(1) *United States.* To serve the United States, a party must:

(A)
(i) deliver **a copy** of the summons and of the complaint to the United States attorney for the district where the action is

brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

    (ii) send **a copy** of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

    (B) send **a copy** of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.;

9. The party here is the United States, not Eric Holder, nor Rosa M. Rodríguez. In the instant case the record is clear that Eric Holder, the U.S. Attorney, received via certified mail a copy of each, of the complaint and summons (against the United States), on July 11, 2011. See signed copy of return of certified mail, as attached to *Motion for Entry of Default* (Docket no. 4).

10. The record is also clear that the Civil Process Clerk for the U.S. Attorney (Rosa E. Rodríguez), for the District of Puerto Rico also received via certified mail a copy of each, of the complaint and summons (against the United States), on July 11, 2011. See also signed copy of return of certified mail, as attached to *Motion for Entry of Default* (Docket no. 4). As set forth in Fed. R. Civ. P. 4(i)(1)(A)(ii); and explained in Fed. R. Civ. P. 4, Advisory Committee Note of 1993, the only requirement is that the mail must be addressed specifically to the Civil Process Clerk (as was done here) to assure proper handling. *Id.*

11. Nowhere in F.R.Civ.P. 4(i) it is specified that a separate summons must be obtained under the name of District of Puerto Rico's U.S. Attorney. The government did not offer one single opinion or precedent to support this contention. However, as acknowledged

by the government, the Plaintiffs complied with requesting the issuance of the summons against the United States. It was under the name of Eric Holder, the U.S. Attorney, but Mr. Holder is not the party, only its representative, as is Ms. Rodríguez. The receipt of a copy of the summons and the complaint by Mr. Holder <u>and</u> Ms. Rodríguez is sufficient to effectively serve with process the United States and the government first objection is without merit.

12. Furthermore, while on one hand claiming in their FN1 that the United States is the only proper defendant to this action pursuant to the Westfall Act, 28 U.S.C. § 2679(d), and thus the individually named federal agency (BOP) should be dismissed; the government further contends in their *Motion to Set Aside Default* that service of process effected on the Bureau of Prisons' Regional Counsel is insufficient, and thus, invalid because "Plaintiffs have failed to comply with Fed.R.Civ.Proc. 4 (i) (1) (C) in two respects". Again, the government fails to not offer one single opinion or precedent to support this contention. *Id.* 1

13. However, regarding the notification made by the Plaintiffs to the BOP's Regional Counsel instead of the Director

---

1 The government's position is not only in conflict with its contentions, but with the Westfall Act itself. The cited statutory provision included in 28 U.S.C. § 2679(d) is applicable to claims against individual defendant employees (which is not the case here) and further provides that the United States will be substituted as a party defendant only after the Attorney General has certified that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose. Only then will the civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of said title and all references thereto, and the United States shall be substituted as the party defendant.

of the BOP or addressed to the Office of the General Counsel at the Bureau of Prisons headquarters in Washington, D.C., again nowhere in F.R.Civ.P. 4(i)(2), the BOP's Policy on the FTCA's claims, applicable CFR regulations or directives contained in the Federal Register, it is required to notify the Office of the General Counsel or the head of the agency. 2

14. In fact, as can be ascertained in the denial letter of the Plaintiffs' administrative claim by the BOP, the addressee, BOP's Regional Counsel did not specify either this so-called requirement as the government now contends. See *Exhibit 1;* see also BOP's Policy on FTCA claims, attached as *Exhibit 2,* and the rules and regulations set forth therein. 3

---

2 F.R.Civ.P. 4(i)(2) states: *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

3 28 CFR 14.9 provides:

§ 14.9 Final denial of claim.

(a) Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, <u>he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.</u>

28 CFR 543.32 provides a question/answer which details the process wherein the BOP specifically handles its administrative claims:

§ 543.32 Processing the claim.

(a) Will I receive an acknowledgment letter? Yes. If you have provided all necessary information to process your claim (such as time, date, and place where the incident occurred, and a specific sum of money you are requesting as damages), you will receive an acknowledgment letter indicating the filing date and a claim number. The filing date is the date your claim was first received by either the

15. As set forth in 28 CFR 543.32, it the Regional Counsel or his or her designee who reviews the investigation and the

---

Department of Justice or an office of the Bureau of Prisons. You should refer to your claim number in all further correspondences with the agency. Additionally, you must inform the agency of any changes in your address. If you fail to provide all necessary information, your claim will be rejected and returned to you requesting supplemental information.

(b) Will I be notified if my claim is transferred? Yes. If your claim is improperly filed, you will be notified by the responsible office that your claim was transferred to another regional office, the Central Office, a training center, or another agency.

(c) Will an investigation be conducted? Yes. <u>The regional office ordinarily refers the claim to the appropriate institution or office for investigation</u>. You may also be required to provide additional information during the investigation. Your failure to respond within a reasonable time may result in the rejection or denial of the claim.

(d) <u>Who will decide my administrative claim? The Regional Counsel or his or her designee reviews the investigation and the supporting evidence and renders a decision of all claims properly filed in the regional office and within regional settlement authority.</u> The Regional Counsel has limited settlement authority (up to an amount established by the Director, Bureau of Prisons). After considering the merits of the claim, the Regional Counsel may deny or propose a settlement of the claim. The General Counsel will investigate and propose settlement for all claims properly filed in the Central Office in accordance with delegated settlement authority. If the proposed settlement exceeds the General Counsel's authority, the General Counsel will seek approval from the appropriate Department of Justice officers.

(e) <u>Will my claim be reviewed by or referred to the Central Office? If the Regional Counsel recommends a proposed settlement in excess of the settlement authority, the claim will be forwarded, with a recommendation, to the Office of General Counsel, Central Office for their review.</u>

(f) Will appreciation or depreciation be considered? Yes. Staff will consider appreciation or depreciation of lost or damaged property in settling a claim.

(g) If my claim is denied or I am dissatisfied with a settlement offer, what are my options? If your claim is denied or you are dissatisfied with a settlement offer, you may request, in writing, that the Bureau of Prisons reconsider your claim in the administrative stage. You should include additional evidence of injury or loss to support your request for reconsideration. <u>If you are dissatisfied with the final agency action, you may file suit in an appropriate U.S. District Court as no further administrative action is available.</u>

(h) What if I accept a settlement of my claim? If you accept a settlement, you give up your right to bring a lawsuit against the United States or against any employee of the government whose action or lack of action gave rise to your claim.

(i) How long will it take to get a response? Generally, you will receive a decision regarding your claim within six months of when you properly file the claim. If you have not received a letter either proposing a settlement or denying your claim within six months after the date your claim was filed, you may assume your claim is denied. You may proceed to file a lawsuit in the appropriate U.S. District Court.

supporting evidence and who renders a decision of all claims properly filed in the regional office and within regional settlement authority. The Regional Counsel may deny the claim or propose a settlement of the claim. Only if the Regional Counsel recommends a proposed settlement in excess of his/her limited settlement authority, the claim will be forwarded, with a recommendation, to the Office of General Counsel, Central Office for their review.

16. Because the Plaintiffs' administrative claim was expressly denied by the BOP's Regional Counsel, it was never sent to the Office of General Counsel, Central Office for their review. Accordingly, it was the Regional Counsel who denied the claim and it was to the same official that the Plaintiffs notified of the instant suit as provided by F.R.Civ.P. 4(i)(2).

17. Moreover, 28 CFR 15.2 provides that federal employees have a duty to deliver all process and pleadings to the appropriate federal agency of the Attorney General, even if improperly served. Even if this applies to individual defendant employees, this same duty can be found in the attached BOP policy on the FTCA, regarding the processing of FTCA claims. See BOP Policy on FTCA, *Exhibit 2,* at subparagraph (c). 4

---

§ 15.2 Expeditious delivery of process and pleadings.

(a) Any Federal employee against whom a civil action or proceeding is brought for money damages for loss or damage to property, or personal injury or death, on account of any act or omission in the scope of the employee's office or employment with the Federal Government, shall promptly deliver all process and pleadings served on the employee, or an attested true copy thereof, to the employee's immediate superior or to whomever is designated by the head of the employee's department or agency to receive such papers. In addition, if prior to the employee's receipt of such process or pleadings, the employee receives information regarding the commencement of such a civil action or proceeding, he shall immediately so

18. Finally, even assuming *arguendo* that service of process on the BOP was to be effected as to the Head of the BOP or its General Counsel, which we deny, F.R.Civ.P. 4(i) provides a safe harbor to the Plaintiffs. Failure to mail the additional copy as required does not result in a loss of jurisdiction, however, because the court must allow the party responsible for the defective service a reasonable time to cure this defect after the defect is pointed out. *Id.*

19. Accordingly, if this Honorable Court finds that the Plaintiffs should have sent a copy of the complaint and summons to the General Counsel of the BOP in Washington D.C., instead of the Regional Counsel, as was done here, this "defect" can be easily cured by the Plaintiffs, forthwith.

---

advise his superior or the designee. If the action is brought against the employee's estate this procedure shall apply to the employee's personal representative. The superior or designee shall provide the United States Attorney for the district embracing the place where the action or proceeding is brought and the responsible Branch Director of the Torts Branch, Civil Division, Department of Justice, information concerning the commencement of such action or proceeding, and copies of all process and pleadings.

(b) Any covered person against whom a civil action or proceeding is brought for money damages for loss or damage to property, or personal injury or death, on account of any act or omission, under circumstances in which Congress has provided by statute that the remedy provided by the Federal Tort Claims Act is made the exclusive remedy, shall promptly deliver to the appropriate Federal agency all process and pleadings served on the covered person, or an attested true copy thereof. In addition, if prior to the covered person's receipt of such process or pleadings, the covered person receives information regarding the commencement of such a civil action or proceeding, he shall immediately so advise the appropriate Federal agency. The appropriate Federal agency shall provide to the United States Attorney for the district embracing the place where the action or proceeding is brought, and the responsible Branch Director of the Torts Branch, Civil Division, Department of Justice, information concerning the commencement of such action or proceeding, and copies of all process and pleadings.

WHEREFORE, it is very respectfully submitted that this Honorable Court consider the aforementioned memorandum filed in compliance of order.

RESPECTFULLY SUBMITTED.

In Guaynabo, Puerto Rico, this 14th day of November, 2011.

CERTIFICATE OF SERVICE: I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System.

s/Gabriel I. Peñagarícano
GABRIEL I. PEÑAGARÍCANO
USDC - PR 12068
PMB 239, 405 Esmeralda Avenue
Guaynabo, PR 00969-4466
Tel: (787) 287-9024
Fax: (787) 731-0679
E-mail: gips1934@hotmail.com