IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

VLADIMIR MARMOLEJOS, *et al.*,

    **Plaintiff**,

                v.

UNITED STATES OF AMERICA, *et. al.*,

    **Defendants**.

**CIVIL NO.** 11-1633 (FAB)

**OPINION AND ORDER**[1]

BESOSA, District Judge.

    Before the Court is defendant United States' motion to vacate the entry of default against it. (Docket No. 8.) After reviewing the record and applicable law, the Court **DENIES** the motion.

## I.  Background

    Plaintiffs Vladimir Marmolejos, Alexandra Cruz-Andino, Aleja Andino-Torres, Jose Daniel Cruz, and J.M.C. (a minor represented by his parents Vladimir and Alexandra) (hereafter "plaintiffs") allege that on May 21, 2010, an employee of the Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico, negligently closed a door and caught J.M.C.'s hand between the door and doorjamb. (Docket No. 1 at ¶ 6.) J.M.C. and his grandparents were visiting a relative who was an inmate at MDC on the day of the alleged

---

[1] Justin Rowinsky, a second-year student at the Georgetown University Law Center, assisted in the preparation of this Opinion & Order.

Civil No. 11-1633 (FAB)                                                2

incident. Id. Plaintiffs first filed an administrative claim with the Southeast Regional office of the Federal Bureau of Prisons ("BOP"). (Docket No. 1 at ¶ 5.) On February 27, 2011, the Regional Counsel for the Southeast Region responded with a letter addressed to the plaintiffs' counsel denying the alleged negligence of MDC and its employees. (Docket No. 12-2.) It also stated that the plaintiffs had the option to file a complaint in the appropriate United States District Court within six months of the mailing of the letter that denied their administrative claim. Id.

On July 3, 2011, the plaintiffs filed a complaint against the United States, seeking $500,000 for the physical, mental and emotional damages resulting from J.M.C.'s hand injury. (Docket No. 1.) A summons was issued by the Court on July 5, 2011 to the United States of America, addressed to Attorney General Eric Holder in Washington, D.C. (Docket No. 3.) Plaintiffs' counsel also sent copies of the summons and complaint to the Civil Process Clerk in the U.S. Attorney's office in San Juan, Puerto Rico, and the BOP's Regional Counsel for the Southeast Region in Atlanta, Georgia. (Docket No. 4-1.)

Plaintiffs filed a motion for entry of default pursuant to Federal Rule of Civil Procedure 55(a) ("Rule 55") on October 23, 2011, after the United States failed to answer the complaint within the sixty days prescribed by Federal Rule of Civil Procedure

Civil No. 11-1633 (FAB)                                                3

Rule 12(a)(2).  (Docket No. 4.)  The Court granted the motion (Docket No. 5), and the Clerk entered default against the United States on October 25, 2011.  (Docket No. 6.)  The United States appeared on November 4, 2011, filing a motion to vacate the entry of default alleging that service of process was deficient.  (Docket No. 8.)  In response, the Court ordered both parties to file simultaneous briefs addressing: (1) whether the summons in an action against the United States must be addressed to the United States and not to the Attorney General, and (2) whether service on the BOP must be made in the BOP's Central Office in the District of Columbia rather than on a Regional Counsel.  (Docket No. 10.)

On November 14, 2011, the United States filed its brief, arguing that the service of process on the U.S. Attorney's office in San Juan, Puerto Rico was deficient because the summons and complaint were "merely photocopies . . . they did not bear the court's seal," and the copies were not addressed to U.S. Attorney Rosa Rodriguez ("Rodriguez").  (Docket No. 11 at p. 3) (internal quotation omitted).  The United States also argued that the plaintiffs only sent copies to the BOP, also arguing that the BOP's General Counsel at the Washington, D.C. Central Office should have been served rather than the Regional Counsel in Atlanta.  The plaintiffs filed their brief on November 14, 2011, citing the language of Federal Rule of Civil Procedure 4(i)(1) ("Rule 4") and

Civil No. 11-1633 (FAB)                                                    4

stressing the lack of case law supporting the United States' position.  (Docket No. 12 at pp. 2-4.)

## II.  Jurisdiction

The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1346(b)(1), the Federal Tort Claims Act, ("FTCA")[2] because it is a civil action for damages against the United States. Venue is also proper pursuant to 28 U.S.C. § 1391 (e)(1)(B) because the alleged injury resulting from the defendants' negligence took place in the District of Puerto Rico.

## III. Vacating an Entry of Default pursuant to Rule 55(c)

Rule 55 distinguishes between an "entry of default" and "judgment by default", with the former governed by Rule 55(a). United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004).  A party seeking to set aside an entry of default bears the burden of proving "good cause" pursuant to Rule 55(c), and the Court has discretion in deciding whether to grant the motion. See, e.g., Am. & Foreign Ins. Ass'n., 575 F.3d 980, 982-83 (1st Cir. 1978).  Rather than a "mechanical formula," "good cause" is influenced by a number of factors that include "the nature of the

---

[2] The FTCA provides in relevant part that the United States District Courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1)

Civil No. 11-1633 (FAB)                                                5

defendant's explanation for the default." Indigo Am., Inc. v. Big Impressions, LLC, 597 F.3d 1, 3 (1st Cir. 2010).[3] The United States has filed a motion to set aside the entry of default against it and offers only one reason which it claims justifies good cause: deficient service of process. (Docket No. 8 at p. 2.)

**IV. Discussion**

Rule 4 prescribes the necessary service of process for a United States agency. First, the plaintiff must serve the United States. Rule 4(i)(1)(B) requires the plaintiff to "send a copy" of the summons and complaint to the Attorney General of the United States "at Washington, D.C." Fed.R.Civ.P. 4(i)(1)(B). A plaintiff must also serve the United States attorney for the district where the action is brought, and can do so by sending "the copy" of the summons and complaint "to the civil-process clerk at the United States attorney's office." Fed.R.Civ.P. 4(i)(1)(A)(ii). Finally, Rule 4(i)(2) requires the plaintiff to "also send a copy of the summons and of the complaint . . . to the agency." Fed.R.Civ.P. 4(i)(2). The plaintiffs sent the copies of the summons and

---

[3] Several other factors that courts often consider include "whether the default was willful," "whether setting it aside would prejudice the adversary," and "whether a meritorious defense is presented." Indigo Am., Inc., 597 F.3d at 3. The United States only offered deficient service of process to prove good cause, and the Court will accordingly limit its analysis to that argument.

Civil No. 11-1633 (FAB)                                                    6

complaint to all defendants by certified mail and return receipt, which is permitted by Rule 4(i).  (Docket No. 4-1.)

Because both parties agree that Attorney General Holder was properly served, the Court will limit its analysis to whether the United States Attorney and the BOP were properly served.  The Court will first address whether the U.S. Attorney's office was properly served, and then discuss whether the BOP was properly served.

### A.   Service of Process on the U.S. Attorney's office

Rule 4(i)(1)(A)(ii) specifically permits "a copy" of the summons and complaint to be sent to the civil process clerk at the appropriate United States Attorney's office.  The United States argues that the summons was deficient because it was a photocopy that lacked the court's seal and was not properly addressed to U.S. Attorney Rodriguez.  (Docket No. 11 at p. 3.)  Both contentions are without merit.

First, Rule 4(i)(A) uses "copy" to describe both the summons and the complaint that must be sent to the appropriate United States Attorney's office.  "Copy" is defined as "an imitation, transcript or reproduction of an original work."  Copy Definition, Merriam-Webster Online Dictionary, http://www.merriam-webster.com (last visited June 6, 2012).  Therefore, by definition, Rule 4(i) does not require original documents to be sent to the U.S. Attorney's office, but instead permits copies to be sent

Civil No. 11-1633 (FAB)                                                    7

through certified or registered mail.  Cases holding that there was a deficient service of process due to a lack of a seal or signature have focused on a deficient original document, not a copy.  See, e.g., Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 567 (3d Cir. 1996) (holding that service of process was deficient when the plaintiff served unsigned summonses without the seal of the court on defendants).  Moreover, plaintiffs here are suing one defendant, the United States.  Rule 4(b) distinguishes between single and multiple defendants by stating that "[a] summons - or a copy of a summons that is addressed to multiple defendants - must be issued for each defendant to be served."  Fed.R.Civ.P. 4(b).  The Court had issued a signed and sealed summons to the United States; copies of that original were then sent to the U.S. Attorney's office in San Juan, Puerto Rico.  (Docket No. 12 at ¶ 10.)

        Second, the text of Rule 4(i)(1)(A)(ii) also undercuts the United States' contention that the service of process had to be specifically addressed to U.S. Attorney Rodriguez.  Rule 4(i)(1)(A)(ii) explicitly allows a copy of the summons and complaint to be sent to "the civil process clerk at the United States attorney's office."  The Advisory Committee's notes on the 1993 amendment to this section explain that sending the copies through certified mail "must be specifically addressed to the civil process clerk of the office of the U.S. Attorney."  Fed.R.Civ.P.

advisory committee's note to the 1993 amendments (subdivision 4(i)) (emphasis supplied). The return receipt demonstrates the Civil Process Clerk at the U.S. attorney's office in San Juan, Puerto Rico, signed for the delivery of the copies of the summons and complaint. (Docket No. 4-1.) Because Rule 4 requires no more, the plaintiffs properly served the U.S. Attorney's office.

**B. Service of Process on the Bureau of Prisons**

The United States argues that the plaintiffs' mailing of the summons and complaint to the BOP's Southeast Regional office in Atlanta, Georgia instead of the General Counsel in Washington, D.C. was deficient.[4] (Docket No. 11 at pp. 3-4.) The text of Federal Rule of Civil Procedure 4(i), 28 C.F.R. §§ 543.32 (d)-(e), the plaintiffs' prior contacts with the BOP and the lack of case law or precedent supporting the United States' position counsels otherwise.

Rule 4(i)(2) only specifies that a copy of the summons and complaint be sent "to the agency" for proper service. The United States' interpretation of that language to necessitate the

---

[4] The United States also argued that "a photocopy" was sent to the Regional Office that lacked the official seal. (Docket No. 11 at p. 3.) Because the language of Rule 4(i)(2) also includes "send a copy" language, the discussion in IV-A dismissing the United States' argument is equally applicable here. Therefore, this section will focus only on the merits of whether the BOP's Central Office had to be served.

Civil No. 11-1633 (FAB)                                                  9

agency's Washington, D.C. headquarters violates a canon of statutory interpretation. If particular language is used in one section but omitted in another, it is generally presumed that the drafter acted intentionally in the "disparate inclusion or exclusion." Russello v. United States, 464 U.S. 16, 23 (1983) (internal citation omitted). The only text in subsection (i) with an explicit geographical requirement is 4(i)(1)(B), which requires a copy of the summons and complaint be sent to the United States Attorney General "at Washington, D.C." Fed.R.Civ.P. 4(i)(1)(B). Had the drafters of Rule 4 also intended to require all summonses and complaints be sent to the Washington, D.C. location of federal agencies, they could have included that exact language in subsection 4(i)(2). Because the omission of that language should be construed as a meaningful variation, mailing the summons and complaint to the BOP's Regional Counsel did not violate Rule 4(i)(2). See Russello, 464 U.S. at 23 (holding that if Congress intended to apply a specific restriction to a subsection, "it presumably would have done so expressly as it did in the immediately following subsection.").

  The plaintiffs' interaction with the BOP prior to filing this complaint also logically suggested that they should have mailed the summons and complaint to the Regional Office. The plaintiffs had first filed an administrative claim with the

Civil No. 11-1633 (FAB)                                                    10

Southeast Regional office, and received their reply directly from Southeast Regional Counsel Lisa M. Sunderman.  (Docket No. 12-2.) Indeed, the relevant BOP regulations addressing the filing of administrative claims pursuant to the FTCA specifically state that the Regional Counsel reviews all investigations in deciding the merits of an administrative claim, and only if the Regional Counsel recommends a proposed settlement in excess of her authority will the claim need to be forwarded to the General Counsel in the Washington, D.C. Central Office.  28 C.F.R. §§ 543.32 (d)-(e).  The denial of the plaintiffs' administrative claim also stated that the plaintiffs had six months to bring a lawsuit in the United States District Court, but did not indicate that action would only be handled by the Central Office.  Thus, all of the plaintiffs' interactions with the BOP were through the Southeast Regional office, and nothing in the United States' brief cites any text or precedent requiring complaints to be sent to the BOP's Central Office.  Neither has the Court found any authority requiring it.

   Finally, the Court notes that just over one year prior to the filing of this complaint, an unrelated lawsuit against the BOP was also filed.  See Romero-Perez v. United States, 780 F.Supp. 2d 162 (D.P.R. 2011).  The copy of the summons and complaint were sent directly to the MDC Guaynabo facility in Puerto Rico, rather than the Southeast Regional Office or the Washington, D.C. Central

Civil No. 11-1633 (FAB)                                                    11

Office.  Motion Submitting Summons, Docket No. 10-3, id.  (Civil No. 10-1441).  The United States timely answered that complaint and defended on the merits, with the record and docket indicating no objection to the lack of service of process on the BOP's General Counsel in Washington, D.C.  The United States also did not object to the fact that the mailed copies did not contain an original seal or signature.

Although the Court notes the United States' contention that the chances of "misplaced and misdirected Complaints would greatly increase" if they could be sent to the Regional Offices, the BOP only has six regional offices.  The BOP public website also states that the "primary legal responsibility of the regional legal offices is to provide litigation support . . . arising out of the prisons located within the region."  Federal Bureau of Prisons, Central Office - Office of General Counsel, http://www.bop.gov/about/co/ogc.jsp (last visited June 6, 2012).  That argument is completely frivolous, especially coming from the United States.

    **C.  Proper Defendant in Complaint under Federal Tort Claims Act**

Even if the plaintiffs had improperly served the BOP, "only the United States may be held liable for torts committed by a federal agency, and not the agency itself."  C.P. Chemical Co.,

Civil No. 11-1633 (FAB)                                                 12

Inc. v. United States, 810 F.2d 34, 37 n.1 (2d Cir. 1987) (citing 28 U.S.C. § 2679(a)); see also Canini v. United States Dept. of Justice Fed. Bureau of Prisons, No. 04 Civ. 9049, 2008 WL 818696, at *1-3 (S.D.N.Y. March 26, 2008) (holding that in a complaint against the Bureau of Prisons the United States was the sole "proper defendant in this matter."). Plaintiffs filed their complaint under the FTCA (codified at 28 U.S.C. § 1346 (b)(1)) and are also bound by § 2679(a). Therefore the sole essential party that must be served is the United States, and the plaintiffs at bar did that. They served U.S. Attorney Rodriguez, (by addressing the copy of the summons and complaint to the Civil Process Clerk), the BOP, Southeast Regional office, (by serving the Regional Office) and both parties agree plaintiffs also properly served Attorney General Eric Holder.

**V.   Conclusion**

For the reasons expressed above, the Court **DENIES** the United States' motion to vacate the entry of default against it.

   **IT IS SO ORDERED.**

San Juan, Puerto Rico, June 12, 2012.

                                            s/ Francisco A. Besosa
                                            FRANCISCO A. BESOSA
                                            UNITED STATES DISTRICT JUDGE